Mara D. Curtis (SBN 268869)
Rafael N. Tumanyan (SBN 295402)
Brittany M. Hernandez (SBN 299044)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: mcurtis@reedsmith.com
        rtumanyan@reedsmith.com
        bmhernandez@reedsmith.com

Attorneys for Defendant
RYDER TRANSPORTATION
SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware Corporation; and DOES 1-50, inclusive.<br><br>        Defendants. | Case No.<br><br>[Superior Court of California, Alameda County Case No. 22CV019819]<br><br>**DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Complaint Filed:   October 17, 2022<br>Trial Date:          None |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS JOSE JOHNSON AND IGNACIO PARKS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant RYDER TRANSPORTATION SOLUTIONS, LLC ("Defendant" or "Ryder") hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.  Defendant removes this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005), 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION UNDER CAFA

1.      This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. §§ 1332 to provide that a putative class action is removable to federal court if the proposed class members number at least 100; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d).  The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.      On or about October 17, 2022, Plaintiffs Jose Johnson and Ignacio Parks ("Plaintiffs") filed a Complaint in the Superior Court of the State of California in and for the County of Alameda, entitled *Jose Johnson & Ignacio Parks on behalf of themselves and all others similarly situated v. Ryder Transportation Solutions, LLC., et al.*, Case Number 22CV019819 (hereinafter the "Complaint" in the "State Court Action.").

3.      The Complaint is a purported class action alleging the following causes of action: (1) failure to pay minimum wages (Lab. Code §§ 1197, 1198, 1182.12, 1194(a),

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1194.2(a), and Wage Order No. 9, § 4); (2) failure to pay wages timely during employment (Lab. Code §§ 200, 204, 210, and 218.5); (3) failure to indemnify necessary business expenses (Lab. Code §§ 2802 and 2804); (4) failure to provide accurate wage statements (Lab. Code § 226(a)); (5) waiting time penalties (Lab. Code §§ 201, 202, and 203); and (6) violations of unfair competition law (Bus. & Prof. Code, § 17200, *et seq.*).

4.      A copy of the Summons and Complaint was served at Corporate Creations Network Inc., on Defendant's California registered corporate agent for service of process, on October 26, 2022. (Declaration of Delores Clark ("Clark Decl.") ¶ 3; Proof of Service, attached hereto as Exhibit 1 and incorporated herein by reference as if set forth in full).  True and correct copies of the Summons and Complaint are attached hereto, collectively, as Exhibit 2 and incorporated herein by reference as if set forth in full.

5.      Defendant filed an Answer to Plaintiffs' Complaint on November 22, 2022.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit 3 and incorporated herein by reference as if set forth in full.

6.      To Ryder's knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint. Defendants Does 1-50 are presently unnamed and unknown and, therefore, have not been served with the Complaint. (Complaint ("Compl."), ¶ 11).

7.      There is a Complex Determination Hearing scheduled for December 16, 2022 and a Case Management Conference scheduled for February 14, 2023 in the State Court Action.  True and correct copies of the Notice of Hearing and Notice of Case Management Conference are attached hereto, collectively, as Exhibit 4 and incorporated herein by reference as if set forth in full.  There are no additional hearings or other proceedings in the State Court Action, and Defendant has not received or filed any

papers or pleadings in the State Court Action other than those attached hereto as Exhibits 1-4.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.     Section 4 of CAFA sets forth the general rule that [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9.     Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more.  *See* 28 U.S.C. § 1332(d)(5).

10.     The State Court Action is a civil action over which this Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

11.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 84(b), 1441, and 1446(a).  The State Court Action was originally brought in the Alameda County Superior Court, which is located within the Northern District of California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Defendant, however, contests the propriety of venue continuing in the Northern District, and intends to file a motion to transfer venue.

12.     Ryder is the only defendant that has been named and served in this matter. Therefore, all defendants that have been named and served join in the removal.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13.     Plaintiffs brought this action on behalf of themselves and a putative class pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action.  Compl., ¶ 26.  Plaintiffs seek to represent three separate classes, which they define as: "(1) All non-exempt truck drivers who worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class")"; and (2) "All non-exempt truck drivers who worked for Defendants in California, during the one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Class")"; and "(3) All non-exempt truck drivers who worked for Defendant in California, and who have left Defendants' employ during one year immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Class") (Collectively "Classes")."  Compl. ¶ 26.

## The Purported Class Contains At Least 100 Members

14.     In the Complaint, Plaintiff alleges that "…it is estimated that the Classes number greater than one hundred (100) individuals." Compl., ¶ 27.

15.     Based on a review of its business records, Defendant has determined that the aggregate number of hourly non-exempt truck drivers employed between October 17, 2017 and October 28, 2022 is at least 807. (Declaration of Kassie Bazan ("Bazan Decl."), ¶ 4a).  Therefore, there are well over 100 Putative Class Members.

## There Is Diversity of Citizenship Between
## At Least One Proposed Class Member And One Defendant

16.     CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A); 1453(b).  Minimal diversity of citizenship exists here because Plaintiff Jose Johnson and Ignacio Parks and Defendant are citizens of different states, since Plaintiffs Jose Johnson and Ignacio Parks are citizens of California, while Defendant is a citizen of Florida and Delaware.  (Clark Decl., ¶ 4).

17.   **Plaintiffs' Citizenship.**   For diversity purposes, a person is a "citizen" of the state in which they are domiciled.   *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983).   A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.   *See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986).

18.   According to the Complaint, at the time this action was commenced and at the time of removal, Plaintiff Jose Johnson resided in Newark, California.   Compl., ¶ 8.   *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile).

19.   Plaintiff Ignacio Parks is and at all times relevant herein was a citizen of the United States and the State of California. (Bazan Decl., ¶ 5).   Based on his employment location and the written representations that Plaintiff Ignacio Parks made when hired and through his termination regarding his mailing address for payroll purposes, he worked out of Defendant's Victorville, California location, and he provided Ryder with two California addresses for payroll purposes while employed by Defendant. (*Id.*) *Lundquist v. Precision Valley Aviation, Inc*., 946 F.2d 8, 11-12 (1st Cir. 1991) (manifestations of domiciliary intent include length of residence, place of employment, possession of a state's driver's license, representation on corporate reports); *Altimore v. Mt. Mercy College*, 420 F.3d 763, 768-69 (8th Cir. 2005) (once an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship.   Manifestations of domiciliary intent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

include length of residence, place of employment, possession of a state's driver's license, representations on government forms).

20. **Defendant's Citizenship**[1]. For purposes of determining citizenship under CAFA, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business means the corporate headquarters where a corporation's high level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2000). A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters." *Id.* at 93. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed. *See, e.g.*, *Tomblin v. XLNT Veterinary Care, Inc.*, 2010 WL 2757311, at *9–10, Case No. 09cv1940 BTM (JMA) (S.D. Cal. July 12, 2010).

21. Defendant is now, and was at the time this action was commenced, a citizen of the states of Florida and Delaware within the meaning of 28 U.S.C. § 1332. (Clark Decl., ¶¶ 4-5). Defendant is a limited liability company. The citizenship of a limited liability company is determined by examining the citizenship of each member of the company. *D.B. Swirn Special Opportunities Fund, L.P. vs. Mehrotra*, 661 F.3d 124, 125-126 (2011). Ryder Transportation Solutions, LLC's sole member is Ryder

---

[1] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants" to be citizens of the state in which the action is filed. 28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D. Cal. Cal. Dec. 20, 2007). Here, Defendant is not a citizen of California and thus the "home state" exception does not apply. Similarly, CAFA's "local controversy" exception is not applicable because Defendant is not a citizen of California and thus all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Integrated Logistics, Inc. ("RIL").  (Clark Decl., ¶ 4).  RIL is a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Florida.  (*Id.*, ¶ 5).  In *Hertz Corp. v. Friend*, the United States Supreme Court held that the "nerve center" test is used to determine a corporation's "principal place of business."  130 S. Ct. 1181, 1192 (2010).  To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the cooperation's activities." *Id.*  RIL's principal place of business is indisputably Florida based upon the following factors[2]: (1) it is where the company's home office is located; (2) it is where the directors and stockholders meet; (3) where the corporate officers and executives reside; (4) where policy decisions are made; (5) where the general counsel resides and has its offices; and (5) where the administrative and financial offices are located the records kept.  (Clark Decl., ¶ 5).

22.    **Doe Defendants.**  Plaintiffs have also named as Defendants Does 1 through 50. Compl., ¶ 8.  For purposes of removal based on diversity, "the citizenship of Defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b); *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed Defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).  The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction.  *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

## The Alleged Amount In Controversy Exceeds $5,000,000

23.    Under CAFA, the articulated claims of all class members are aggregated to determine whether the amount in controversy exceeds $5,000,000.  28 U.S.C. §

---

[2] These factors have previously been considered by courts in determining a corporation's "nerve center." *See, e.g., Inger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also, State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1332(d)(6).  Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief."  Staff of S. Comm.  On the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005).  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43. ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")

24.    When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal citations omitted).   The District Court considers the allegations of the Complaint, the contents of the removal petition and evidence, such as declarations, in order to determine whether the jurisdictional amount in controversy is met.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).   Accordingly, Ryder may establish the amount in controversy by referencing Plaintiffs' allegations and/or by setting forth facts in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.  Indeed, the ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe following a trial, if any.  *Rippee v. Bostom Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.:                                                          - 9 -                    DEFENDANT'S NOTICE OF REMOVAL
JOSE JOHNSON & IGNACIO PARKS v. RYDER
TRANSPORTATION SOLUTIONS, LLC.

25.     Ryder denies Plaintiffs' allegations of misconduct and intends to defend itself vigorously against Plaintiffs' causes of action.    Nevertheless, and without admitting that Plaintiffs and/or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of California law, the statute of limitations period embraced by the claims, and the class definition alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000 for purposes of removal based on the following:

26.     For purposes of determining the aggregate amount in controversy[3] for this motion, the putative class includes 807 Putative Class Members who were employed by Defendant during the Class Period up through October 28, 2022.  (Bazan Decl., ¶ 4a).  In addition, there were approximately 221 Putative Class Members whose employment ended between January 1, 2022 and October 28, 2022. (*Id*.)

27.     The below calculations are conservatively based on the lowest applicable minimum wage in California during the timeframe from January 1, 2022  through November 22, 2022, of $15.00.  (Bazan Decl., ¶ 4b).  Note, however, that the lowest hourly rate of pay for any Putative Class Member who were employed at any time from January 1, 2022 through November 22, 2022 was always higher than the California minimum wage rate in 2022.  (*Id*.)  In addition, the Putative Class Members were employed during approximately 27,935 workweeks between January 1, 2022 through November 22, 2022.  (*Id*. at ¶ 4d).

---

[3] The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by 1446(c)(2) (B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).  Although they were not required to do so, Defendant has established that the amount in controversy by referencing Plaintiffs' allegations and/or by setting forth information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

28.    **Unpaid Minimum Wages Claim.**  In the Complaint, Plaintiffs allege that they and other similarly situated truck drivers "…were not paid for all time spent on pre and post shift work and required duties, including, but not limited to, inspection of trucks, preparation of trucks, cleaning of trucks, swapping/changing trucks, fueling, and completing paperwork [and] [a]s a result of its uniform pay policies/practices, Defendants did not provide sufficient pay equal to at least minimum wage for all hours worked."  Compl., ¶ 19.  Plaintiffs further allege that "Defendants failed and continues to fail to pay Plaintiffs and other similarly situated truck drivers for time spent during mandatory layovers and associated waiting time" and further allege therefore that "Plaintiffs and other similarly situated truck drivers did not receive legal minimum wages for all work-related duties and tasks…including numerous hours during layover times."  Compl., ¶¶ 20, 22.  Based on these allegations, Plaintiffs contend that they and the Putative Class Members are entitled to "recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon."  Compl., ¶¶ 34, 36.  California law currently applies a four-year statute of limitations to unfair competition claims based on alleged unpaid wage violations.  *See* Cal. Bus. & Prof. Code § 17208.

29.    Alleging a "pattern and practice" can reasonably be interpreted to mean that each class member suffered the alleged harm. *Danielsson v. Blood Ctrs. Of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S.Dist.LEXIS 222539, at *2. (N.D. Cal. Dec. 30, 2019) (finding one hour of overtime for every class member, every week, was reasonable where the complaint alleged a "pattern and practice" of failing to pay overtime wages).

30.    ***Total Potential Unpaid Wages.***  Defendant denies the validity and merit of Plaintiffs' claim for unpaid wages.  However, for the purpose of removal, Defendant conservatively estimates 2.5 hours of unpaid wages per workweek, based on Plaintiff's allegations that he was not paid for all time spent on pre and post shift work and required

duties, fueling and layovers, calculated at an estimated 30 minutes per day for 5 work days per week.[4]  This results in a weekly unpaid wage obligation of $37.50 [$15.00 x 2.5 hours].   As set forth above, there were approximately  27,935 workweeks attributable to Putative Class Members between January 1, 2022 and November 22, 2022; thus, Defendant's aggregate unpaid wage obligation under Plaintiff's alleged theory would be $1,047,562.50 [$37.50 x 27,935 weeks].

31.    Under California Labor Code section 1197.1, an employer who fails to pay the  minimum wage owes the employee:  (1)  the unpaid minimum  wage; and (2) liquidated damages in the  same amount as the unpaid wage.  Based on the above calculations, the alleged amount in controversy with respect to Plaintiff's unpaid minimum wage claim is **$2,095,125** based on: (1) $1,047,562.50 in unpaid minimum wage [$37.50 x 27,935 weeks]; and (2) $1,047,562.50 in liquidated damages [$37.50 x 27,935 weeks].

32.    **Waiting Time Penalties Claim.**  Plaintiffs seek penalties under California Labor Code section 203.  As set forth in the Complaint, Plaintiffs allege that Defendants

---

[4] For purposes of determining the amount in controversy for the alleged unpaid compensation underlying Plaintiffs' claim for relief, Defendant conservatively utilized 30 minutes per day for 5 work days per week.  A calculation based on 30-minutes for this alleged off-the-clock work (*e.g.*, inspections of trucks, preparation of trucks, cleaning of trucks, swapping/changing trucks, fueling, completing paperwork and layovers) (Compl., ¶ 18)) is *conservative* in light of the sheer number of mandatory task that comprise a pre-trip and post-trip inspections.  Indeed, the U.S. Department of Transportation's regulations governing pre-trip and post-trip inspections, which require, among other things, that drivers complete a 9-point pre-trip inspection and an 11-point post-trip inspection of all commercial motor vehicles for each day of operation, and complete written reports related to each such inspection. *See, e.g.,* 49 CFR §§ 392.7, 392.8, 396.11 & 396.13.  It is more likely than not that these inspections, when coupled with the other tasks (fueling, swapping/changing trucks, competing paperwork, cleaning trucks, preparing trucks) Plaintiffs claim are unpaid, take a minimum of 30 minutes each day.  In addition, the majority of the tasks that Plaintiffs allege are unpaid are tasks that drivers must do every day that they drive.  Thus, a daily estimate is reasonable for purposes of removal.  Finally, Plaintiffs' also contend that they were entitled to pay for all time spent on layovers. Pursuant to the Hours of Service ("HOS") regulations of the U.S. Department of Transportation ("DOT") Federal Motor Carrier Safety Administration ("FMCSA"), drivers are only permitted to work 14 hours per workday, thus, in any week that a layover occurred it would be close to 10 hours of time that was allegedly uncompensated for each such layover. Request for Judicial Notice ("RJN"), Exh. 1.  That said, Defendant expressly disputes that any of these tasks were done off-the-clock.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

"willfully failed to pay Plaintiffs and the Waiting Time Penalty Class for all hours worked, including minimum wages, and all other wages owed prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202." Compl., ¶ 60.  As such, Plaintiffs allege that "Defendants are liable to Plaintiffs and the Waiting Time Penalty Class for waiting time penalties amounting to thirty (30) days wages for Plaintiffs and the waiting Time Penalty Class pursuant to Labor Code § 203." Compl., ¶ 61.  The statute of limitations for waiting time penalties under Labor Code § 203 is three years. *See Pineda v. Bank of America*, N.A., 50 Cal.4th 1389, 1401 (2010).  Defendant denies the validity and merit of Plaintiffs' claim.

33.     As noted above, there were approximately 221 Putative Class Members whose employment ended between January 1, 2022 and October 28, 2022. (Bazan Decl., ¶ 4a).  Based on the allegations in the Complaint, these 221 individuals seek payment of 30 days of waiting time penalties, interest, attorneys' fees and costs of suit. Compl., ¶ 61, Prayer for Relief.  Further, based upon the lowest applicable California minimum wage rate of $15.00 in 2022, thirty days of pay for 221 individuals under Plaintiffs' theory amounts to **$795,600** [($15.00 x 8 hrs. x 30 days) x 221 Putative Class Members]

34.     **Reimbursement of Necessary Business Expenses.**  Plaintiffs also seek recovery based on based on Ryder's alleged failure to "adequately reimburse" Plaintiffs and Putative Class Members for necessary work expenditures "during the four years preceding the filing of the Complaint."  Compl., ¶ 44–50.  Plaintiffs further allege such expenses included, but were not limited to, "the use of a personal cell phone with a data plan, and expenses related to the performance of their job duties."  Compl., ¶ 45. Plaintiffs allege Ryder's failure constituted a violation of both California Labor Code sections 2802 and 2804, in a sum, which will be shown according to proof at trial. Compl., ¶ 48.  California law currently applies a four-year statute of limitations to unfair

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

competition claims based on alleged failures to indemnify business expenses. *See* Cal. Bus. & Prof. Code § 17208. Defendant denies the validity and merit of Plaintiffs' claim.

35.    From January 1, 2022 through November 22, 2022, Putative Class Members have worked approximately 27,935 workweeks. (Bazan Decl., ¶ 4c). Plaintiffs do not specify the amount of alleged expenses nor the frequency that expenses were incurred.   Plaintiffs, however, contend that they were not reimbursed for cell phone use, fuel and other truck related expenses. Compl. ¶ 23

36.    From January 2022 to the present, the price per gallon for diesel gasoline in California cost between approximately $4.584 to $6.874 per gallon. RJN, Exhs. 3 and 4.  Under Plaintiffs' broad theory, taking a low average of $4.584 per gallon of gas, and assuming 20 gallons[5] of gas per workweek,[6] Defendant's conservative estimate of $91.68 in fuel costs [$4.584 per gallon x 20 gallons] + $5 per workweek in alleged cell phone expenses for Ryder's alleged failure to reimburse business expenses, the total amount in controversy with respect to said work expenditures would be approximately **$2,700,755.80** [$96.68 x 27,935 weeks].

37.    **Itemized Wage Statements.**   Plaintiffs also seek recovery based on Ryder's alleged failure to provide accurate itemized wage statements.  Compl., ¶¶ 51– 55.  The Labor Code provides for recovery of "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

[5] Pursuant to the HOS regulations of the U.S. DOT FMCSA, drivers are only permitted to drive a maximum of 11 hours a day. RJN, Exh. 1.  Truck drivers drive an average of 605 miles per day, which is calculated based on a maximum of 55 mph on California highways multiplied the maximum of 11 hours a workday. RIJ, Exhs. 1 and 2.   In addition, large trucks get bad gas mileage, averaging between 6 – 20 miles per gallon. RJN, Exhs. 5 and 6.  As such, this is a conservative estimate based on Plaintiffs' theory of liability.

[6] Defendant expressly denies that it did not provide said expenditures and further does not admit to the cost of fuel, truck related expenses, personal cell phones etc. during the relevant time period or what would be necessary or reasonable.  These calculations are not an admission and, rather, are solely for purposes of explaining the amount that Plaintiffs claim to be in controversy based on Plaintiffs' theories of recovery, which Defendant expressly denies.

exceeding an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e).  A one-year statute of limitations applies to the recovery of statutory penalties for violations of Labor Code section 226(a).  *Reinhardt v. Gemini Motor Transp.*, 869 F. Supp. 2d 1158, 1169 (E.D. Cal. 2012); Code of Civ. Proc. § 340.  District Courts frequently hold that the "subsequent" pay period violation of $100 is only triggered once the employer is notified that their wage statement practices are in violation of Cal. Labor Code § 226.  *See, e.g.*, *Robinson v. Open Top Sightseeing San Francisco, LLC*, 2018 U.S. Dist. LEXIS 24556, at *57–58, Case No. 14-cv-00852-PJH (N.D. Cal. Feb. 14, 2018) (citing *Amaral v. Cintas Corp. No. 2.*, 163 Cal. App. 4th 1157, 1209 (2008)).

38.     As set forth in the Complaint, Plaintiffs allege that Ryder knowingly and intentionally failed to provide Plaintiffs and the Putative Class Members with accurate itemized wage statements each pay period, as required by Cal. Lab. Code § 226. Compl., ¶ 53–54.  Plaintiff further asserts that "Plaintiffs and members of the Wage Statement Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiffs and per every member of the Wage Statement Class from Defendants", which Defendant denies that Plaintiffs or any Putative Class Member is entitled.  *Id*. at 55

39.     ***Total Potential Liability for Wage Statement Claim.***  Between January 1, 2022 and November 22, 2022, at least 807 Putative Class Members received weekly wage statements. (Bazan Decl., ¶ 4c and 4e).  Approximately 465 Putative Class Members had 41 or more pay periods, 77 Putative Class members were employed during 31-40 pay periods, 76 Putative Class Members were employed during 20-30 pay periods, 79 Putative Class Members were employed during 10-19 pay periods, 89 Putative Class Members were employed during 2-9 pay periods, and the remaining 21 Putative Class Members were employed during  1 or more pay periods. (*Id*.).  Based on the allegations in the Complaint:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 465 Putative Class Members that were employed during 41 or more workweeks/pay periods would receive the maximum penalties that are capped at $4,000 [$50 initial violation rate + ($100 subsequent violation rate[7] * 40 pay periods)].

- 77 Putative Class Members that were employed during 31 to 40 workweeks/pay periods would receive penalties conservatively calculated at $3,050 [$50 initial violation rate + ($100 subsequent violation rate * 30 pay periods)]

- 76 Putative Class Members that were employed during 20 to 30 workweeks/pay periods would receive penalties conservatively calculated at $1,950 [$50 initial violation rate + ($100 subsequent violation rate * 19 pay periods)]

- 79 Putative Class Members that were employed during 10 to 19 workweeks/pay periods would receive  penalties conservatively calculated at $950 [$50 initial violation rate + ($100 subsequent violation rate * 9 pay periods)]

- 89 Putative Class Members that were employed during 2 to 9 workweeks/pay periods would receive penalties conservatively calculated at $150 [$50 initial violation rate + ($100 subsequent violation rate * 1 pay period)]

---

[7] Defendant does not concede Plaintiffs and the Putative Class Members are entitled to recovery under Section 226 and do not agree that the initial and subsequent violation rates apply. Rather, Defendant believes that if Plaintiffs are permitted to recover under Section 226, their recovery must be limited to the "initial violation" amount – i.e., $50 per pay period pursuant to Section 226(e). *See e.g., Amaral v. Cintas Corp.* No. 2, 163 Cal. App. 4th 1157, 1209 (2008). Plaintiffs, however, appears to contend that the subsequent violation rate of $100 per pay period applies after the first pay period where there is a violation. Thus, for purposes of removal only, Defendant is justified in using the initial/subsequent violation rates and a 100% violation rate in computing the amount in controversy on Plaintiffs' wage statement claim based on the allegations in the Complaint. *See, Ritenour v. Carrington Mortg. Servs. LLC*, 2017 U.S. Dist. LEXIS 1747, *9 (C.D. Cal. Jan. 5, 2017 (regarding wage statement claims, "[g]iven the vague language and the broad definition of the class, it is reasonable to assume a 100% violation rate").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- • For the remaining 21 Putative Class Members that were employed during at least 1 or more workweeks/pay periods, Defendant conservatively estimates 1 wage statement violation calculated at the initial violation rate [$50 initial violation rate * 1 pay period]

Based thereon, although Defendant denies that Plaintiff or any Putative Class Member is entitled to penalties, the class allegations seeking penalties under Labor Code Section 226 yields an estimated aggregated penalties of **$2,332,500** [($4,000 x 465) + ($3,050 x 77) + ($1,950 x 76) + ($950 x 79) + ($150 x 89) + ($50 x 21)] in controversy.

**Total Aggregate Minimum Potential Liabilities and Additional Potential Recoveries Based on the Allegations in Plaintiff's Complaint**

| AMOUNT IN CONTROVERSY | |
|---|---|
| Basis for Claim | Amount |
| Unpaid Minimum Wages | $1,047,562.50 |
| Liquidated Damages | $1,047,562.50 |
| Business Expense Reimbursement | $2,700,755.80 |
| Wage Statement Penalties | $2,332,500.00 |
| Waiting Time Penalties | $795,600.00 |
| **TOTAL** | **$7,923,980.80** |

40.   **Other Damages.**   Though the jurisdictional minimum amount in controversy is met and easily surpassed by estimates of the afore-referenced claims, Plaintiffs' remaining claims bolster Defendant's position that the amount in controversy exceeds $5,000,000.  Here, Plaintiffs further seek penalties pursuant to Labor Code section 210, which provides recovery for failure to timely pay wages under Labor Code

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

section 204. Defendant denies that Plaintiffs are entitled to recovery on their failure to timely pay wages claim because it is improperly derivative of their other unpaid wage claims and Labor Code section 210 does not provide for a private right of action under Section 204.  Like Plaintiffs' wage statement claim, their claim for penalties under Labor Code Section 210 is also subject to a one-year statute of limitations. California Labor Code section 210 provides penalties of one hundred dollars ($100) for any initial violation and two hundred dollars ($200) for each subsequent violation, for each failure to pay each employee. Defendant denies that the penalty for subsequent violations is warranted or applicable here. *See, Amaral v. Cintas Corp*. No. 2, 163 Cal. App. 4th at 1209. For purposes of this removal, Defendant conservatively calculated the amount in controversy for Plaintiffs' Labor Code section 210 claim utilizing the initial violation rate only.  Thus, based on the allegations in the Complaint, from January 1, 2022 through November 22, 2022, Plaintiffs and the Putative Class Members' potential recovery on their claim for failure to timely pay wages in violation of Labor Code Section 210 yields a minimum of **$2,793,500** in penalties [$100 initial violation rate * 27,935 weeks/pay periods].

41.    Moreover, Plaintiffs are seeking attorneys' fees, costs, and prejudgment interest on all due and unpaid wages, among others, and further relief as the Court may deem just and proper.  *See* Compl., Prayer for Relief.  Attorneys' fees awards can properly be included in calculating the amount in controversy, and such awards are commonly in the 25% to 33% range of an award to the class.  *See Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy).  Notwithstanding the exclusion of the potential liabilities of Plaintiffs' remaining claims, Defendant has clearly demonstrated that the potential amount put in controversy by Plaintiffs in their

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Complaint exceeds the $5,000,000 jurisdictional minimum under CAFA.[8]  Indeed if you add the 210 penalties and attorneys' fees the total amount in controversy is in excess of $10,000,000.

42.    In sum, through Defendant's own investigation and calculations as set forth herein, a preponderance of the evidence supports removal of this matter because CAFA jurisdiction has been established, even based on conservative calculations. Therefore, removal of this matter is appropriate.

### Timeliness Of Removal

43.    This Notice of Removal was filed with the Clerk of the United States District Court within 30 days after service of the Complaint upon Defendant, which was effectuated on October 26, 2022.  Therefore, this Notice is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

### Notice To Plaintiff

44.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

[8] Again, Defendant provides these calculations solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Defendant makes no admission of liability and denies Plaintiffs right to recover with respect to any aspect of this case.

WHEREFORE, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated:    November 23, 2022              REED SMITH LLP

                                    By:    /s/ Mara D. Curtis
                                          Mara D. Curtis
                                          Rafael N. Tumanyan
                                          Brittany M. Hernandez

                                          Attorneys for Defendant
                                          RYDER TRANSPORTATION
                                          SOLUTIONS, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT 1

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Ryder Transportation Solutions, LLC                                          10/26/2022
Cecilia M. Fresquet Labor & Employment Paralegal II
Ryder System, Inc.
11690 NW 105th Street
Law Department - 4th  Floor
Miami FL 33178

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2022-2002

| | | |
|---|---|---|
| 1. | **Entity Served:** | Ryder Transportation Solutions, LLC |
| 2. | **Title of Action:** | Jose Johnson and Ignacio Parks, on behalf of themselves and all others similarly situated vs. Ryder Transportation Solutions, LLC; et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Notice of Case Management Conference |
| 4. | **Court/Agency:** | Alameda County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 22CV019819 |
| 7. | **Case Type:** | Minimum Wage Violations |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 10/25/2022 |
| 10. | **Date to Client:** | Wednesday 10/26/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 11/24/2022    <span style="font-size:small">CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received.</span> |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Joshua S. Falakassa, Esq.<br>Los Angeles, CA<br>(818) 456-6168 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# EXHIBIT 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware
Corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and
all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
10/17/2022
Chad Finke, Executive Officer / Clerk of the Court
By: ___ A. Linhares ___ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Oakland - Rene C. Davidson Courthouse
*(El nombre y dirección de la corte es):*
1225 Fallon Street
Oakland, California 94612

**CASE NUMBER:**
*(Número del Caso):*
**22CV019819**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

**DATE:**
*(Fecha)* 10/17/2022 Chad Finke, Executive Officer / Clerk of the Court

Clerk, by
*(Secretario)* ___ A. Linhares ___, **Deputy** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Ryder Transportation Solutions LLC
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☑ other *(specify):* Limited Liability Company
4. ☑ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, Esq. (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiffs and the Putative Classes

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/17/2022 at 10:08:37 AM
By: Angela Linhares,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware Corporation; and DOES 1-50, inclusive.

Defendants.

CASE NO.: 22CV019819

**CLASS ACTION COMPLAINT:**

(1)  MINIMUM WAGE VIOLATIONS;

(2)  FAILURE TO PAY WAGES TIMELY DURING EMPLOYMENT;

(3)  FAILURE TO INDEMNIFY ALL NECESSARY BUSINESS EXPENDITURES

(4)  WAGE STATEMENT VIOLATIONS;

(5)  WAITING TIME PENALTIES; and

(6)  UNFAIR COMPETITION

**DEMAND FOR JURY TRIAL**

1    Plaintiffs Jose Johnson and Ignacio Parks ("Plaintiffs") on behalf of themselves, and all others

2    similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.    Ryder Transportation Solutions, LLC. ("Defendant") a California corporation, and

5    DOES 1-50 (collectively "Defendants"), are one of the largest logistics companies providing

6    transportation solutions throughout the United States and within California.

7        2.    Plaintiffs, truck drivers, bring this class action against Defendants for violations of the

8    California Labor Code, Industrial Welfare Commission Wage Order No. 9, and Business and

9    Professions Code § 17200 *et. seq.*

10       3.    As set forth below, Plaintiffs allege that Defendants' uniform pay policies and

11   practices failed to pay all similarly situated truck drivers for all hours worked and for all hours to

12   which they were under the control of Defendants. Plaintiffs further allege that Defendants failed to

13   timely pay wages during employment, and that Defendants failed to reimburse for necessary business

14   expenses incurred. As a result of the foregoing violations, Plaintiffs allege that Defendants failed to

15   provide accurate written itemized wage statements and failed to timely pay all final wages following

16   separation of employment. Based on these alleged violations, Plaintiff now brings this class action to

17   recover unpaid wages, restitution, penalties, and other related relief on behalf of himself and all others

18   similarly situated non-exempt truck driver employees.

19                            **JURISDICTION AND VENUE**

20       4.    Plaintiffs, on behalf of themselves and all others similarly situated non-exempt truck-

21   drivers hereby bring this class action for recovery of unpaid wages and penalties under California

22   Labor Code §§ 201-203, 204, 210, 226a, 510, 558, 1182.12, 1194, 1194.2, 1197, 2802, 2804, and

23   Wage Order No. 9, in addition to seeking declaratory relief and restitution pursuant to California

24   Business and Professions Code § 17200, *et. seq.*

25       5.    This class action is brought pursuant to California Code of Civil Procedure § 382.

26       6.    This Court has jurisdiction over Defendants' violations of the California Labor Code

27   and Wage Order No. 9 because the amount in controversy exceeds this Court's jurisdictional

28   minimum.

7.    Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as most of the acts and omissions complained of herein occurred in the County of Alameda. Defendants own, maintain offices, transact business, employ Plaintiff, and have an agent or agents within the County of Alameda, and/or otherwise are found within the County of Alameda. Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

8.    At all relevant times herein, Plaintiff Jose Johnson, who is over the age of 18, was and currently is a California resident residing in Newark, California. Defendants employed Plaintiffs as a non-exempt employee truck drivers in the County of Alameda and other counties across California.

9.    Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by Labor Code §§ 201-203, 204, 210, 226(a), 510, 558, 1182.12, 1194, 1194.2, 1197, 2802-2804, and California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order No. 9, which sets employment standards for the workers in the transportation industry.

10.    Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Alameda.

11.    Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

12.    Plaintiffs are informed, and believes, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter

1   alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of

2   them, were the agents, servants, and employees of each and every one of the other Defendants, as

3   well as the agents of all Defendants, and at all times herein mentioned were acting within the course

4   and scope of said agency and employment. Defendants, and each of them, approved of, condoned,

5   and/or otherwise ratified each and every one of the acts or omissions complained of herein.

6       13.    At all times mentioned herein, Defendants, and each of them, were members of and

7   engaged in a joint venture, partnership, and common enterprise, and acting within the course and

8   scope of and in pursuance of said joint venture, partnership, and common enterprise. Further,

9   Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all

10  members of the Classes.

11                              **COMMON FACTUAL ALLEGATIONS**

12      14.    Plaintiffs worked for Defendants as non-exempt truck drivers.

13      15.    Plaintiff Jose Johnson started working for Defendants as a truck driver in July 2021,

14  until his separation from employment on July 26, 2022.

15      16.    Plaintiff Ignacio Parks started working for Defendants as a truck driver in October

16  2021 until his separation from employment on August 5, 2022.

17      17.    Plaintiffs and other non-exempt truck drivers were and are engaged in the hauling and

18  delivery of freight across the State of California.

19      18.    First, at all relevant times, Plaintiffs and other similarly situated truck drivers were not

20  paid for all time spent on pre and post shift work and required duties, including, but not limited to,

21  inspections of trucks, preparation of trucks, cleaning of trucks, swapping/changing trucks, fueling,

22  and completing paperwork. As a result of its uniform pay policies/practices, Defendants did not

23  provide sufficient pay equal to at least minimum wage for all hours worked.

24      19.    Making matters worse, at all relevant times, Defendants failed and continues to fail to

25  pay Plaintiffs and other similarly situated truck drivers for time spent during mandatory layovers and

26  associated waiting time. Indeed, when aggrieved employees are required to stop driving due to DOL

27  Regulations, Defendants requires Plaintiffs and other similarly situated truck drivers to stay within

28  close of their trucks for up to 10 hours.

20.     Plaintiffs and other similarly situated truck drivers are also often required to wait idle for several hours until the start of their scheduled shifts as determined by Defendants. Defendants' uniform policies/practices prevented aggrieved employees from clocking in for this time. Instead, Defendants' uniform policy and practice required aggrieved employees to remain inside their trucks and/or be within close proximity to be able to see the trucks in plain sight during layovers. See *Morrillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 587 (where an employer required employees "to meet at designated places to take its buses to work" and "prohibit[ed] them from taking their own transportation," the employees were "subject to the control of an employer."). As a result, Plaintiffs and other similarly situated truck drivers were subjected to Defendants' control during these layover periods. Under California law, Plaintiffs and aggrieved employees must be paid for all of the time that they were subject to Defendants' control.

21.     Under California law, employers must pay employees at least the minimum wage per hour for all hours worked. See Cal. Code Regs., Tit. 8 § 11090. "Hours worked" is defined as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Id. In *Morrillion v. Royal Packing Co.* (2000) 22 Cal. 4th 575, the California Supreme Court explained that "an employee who is subject to an employer's control does not have to be working during that time to be compensated." The Court reasoned that when "an employer requires employees to meet at designated places to take its buses to work and prohibits them from taking their own transportation" the employees are "subject to the control of an employer" and the time spent traveling on the buses "is compensable as 'hours worked.'" *Id.* at 587

22.     Plaintiffs and other similarly situated truck drivers did not receive legal minimum wages for all work-related duties and tasks as described herein, including numerous hours during layover times. However, because Defendants can track the time worked by Plaintiffs and other similarly situated truck drivers to the minute, Defendants' pay practice itself exists not for the convenience or benefit of the employees, but to benefit Defendants by underpaying aggrieved employees for all work-related duties. As a result, Plaintiffs and other similarly situated truck drivers were not properly paid for all hours worked in violation of Labor Code §§ 204, 210, 510, 1194,

1197.1, 1199, and Wage Order No. 9.

23.    Furthermore, from at least one year ago and continuing until the present, Defendants routinely denied and continues to deny Plaintiffs and other similarly situated truck drivers reimbursement for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including but not limited to, expenses associated with the usages of their personal cell phones with data plans, expenses associated with truck up-keep, including gasoline and other driving related business expenses. Despite requiring aggrieved employees to use their personal cell phones and to purchase essential driving expenses, Plaintiffs and other similarly situated truck drivers were not adequately reimbursed. Consequently, since Defendants failed to comply with Labor Code § 2802 and Wage Order No. 9, Plaintiffs and other similarly situated truck drivers would be entitled to recover unreimbursed expenses and attorneys' fees and costs pursuant to Labor Code § 2802.

24.    As a result of Defendants' unlawful pay policies and practices that resulted in a failure to pay Plaintiffs and other truck drivers the minimum wage for all hours worked, Defendants also intentionally failed and continue to fail to furnish Plaintiffs and other similarly situated truck drivers with itemized wage statements that accurately reflect the correct amount of gross wages earned and net wages earned as required by Labor Code § 226(a). In addition, Defendants wage statements independently fail to conform with Labor Code § 226(a)(9). Consequently, since Defendants failed to comply with Labor Code § 226(a), Plaintiffs and other similarly situated truck drivers would be entitled to recover penalties under Labor Code § 226(e).

25.    As a further result of Defendants' failure to pay Plaintiffs and other similarly situated truck drivers for all hours worked, Defendants also failed to pay Plaintiffs and other similarly situated truck drivers all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Accordingly, Plaintiffs and other similarly situated truck drivers would be entitled to recover penalties under Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

26.    Class Definition: Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

(1)    All non-exempt truck drivers who worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class"); and

(2)    All non-exempt truck drivers who worked for Defendants in California, during the one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Class"); and

(3)    All non-exempt truck drivers who worked for Defendants in California, and who have left Defendants' employ during one year immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Class")

(Collectively "Classes").

27.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

28.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.    Whether Defendants' payment policies/practices resulted in a failure to pay members of the Class minimum wages for all hours worked;

2.    Whether Defendants failed to timely pay all wages owed during employment to members of the Class;

3.    Whether Defendants failed to reimburse members of the Class for all necessary business expenditures;

4.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226; and

5.    Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Class at the time of separation from employment were unlawful.

7
**CLASS ACTION COMPLAINT**

29.     **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform pay policies/practice, Defendants' failure to reimburse necessary business expenditures, and Defendants' resulting failure to provide accurate itemized wage statements and to pay for all wages due upon termination. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

30.     **Typicality**: The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt truck drivers in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiffs, like the members of the Classes were deprived of minimum wages as a result of Defendants' unlawful pay policy/practices, were not paid timely all wages owed during employment, were subject to Defendants' uniform pay practices, were not reimbursed for necessary business expenditures, were not provided accurate itemized wage statements, and were not paid all wages owed at the time of separation of employment.

31.     **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiffs' attorneys have prosecuted many wage-and-hour class actions in state and federal court in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

32.     **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action

and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 24 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

33.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

34.     Wage Order No. 9, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest

1    accrued thereon.

2    35.    At all relevant times herein, Defendants failed to conform their pay practices to the
3    requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform
4    and unlawful pay plan, policies, practices, which resulted in these individuals not being paid for all
5    hours they were actually suffered or permitted worked. Accordingly, Plaintiffs and members of the
6    Classes were not compensated for all hours worked including, but not limited to, all hours they were
7    subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and
8    Wage Order No. 9.

9    36.    Labor Code § 1198 makes unlawful the employment of an employee under conditions
10   that the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that
11   an employer who has failed to pay its employees the legal minimum wage is liable to pay those
12   employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal
13   to the wages due and interest thereon.

14   37.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein,
15   Plaintiffs and the Classes have sustained economic damages, including but not limited to unpaid
16   wages and lost interest, in an amount to be established at trial, and they are entitled to recover
17   economic and statutory damages and penalties and other appropriate relief as a result of Defendants'
18   violations of the Labor Code and Wage Order No. 9.

19   38.    Defendants' practice and uniform administration of corporate policy regarding illegal
20   employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members
21   of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages,
22   including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor
23   Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY DURING EMPLOYMENT

### (AGAINST ALL DEFENDANTS)

27   39.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

40.    Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation.  Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.

41.    Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.

42.    Defendants as a matter of established practice/policy in the State of California failed to fully pay Plaintiff and the other members of the Class within seven days of the close of bi-weekly or weekly payroll, as required by law.

43.    Defendants' pattern, practice, and uniform administration of its corporate policy of illegally delaying employees' compensation, as described herein, is unlawful and entitles Plaintiffs and the other members of the Class to recover, pursuant to Labor Code section 218, the unpaid balance of the compensation owed to them in a civil action and any applicable penalties, attorney fees, and interest owed to them pursuant to Labor Code sections 210 and 218.5.

## THIRD CAUSE OF ACTION

### FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

### (AGAINST ALL DEFENDANTS)

44.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

45.    It was necessary for Plaintiffs and members of the Class to incur various expenses as outlined herein above in the discharge of their job duties. These expenses include but are not limited to expenses associated with the use of a personal cell phone with a data plan, and expenses related to the performance of their job duties. Although Plaintiffs and members of the Class incurred these expenses at the direction of Defendants and/or in the direct discharge of their job duties, Defendants did not adequately reimburse these employees for such necessary work expenditures during the four years preceding the filing of the Complaint.

46.     At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

47.     At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

48.     As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, Plaintiff and members of the Classes were damaged in sums, which will be shown according to proof at trial.

49.     Plaintiff and members of the Classes are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

50.     Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiffs and members of the Class are entitled to interest, which shall accrue from the date on which they incurred the initial necessary expenditure.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

51.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

52.     Labor Code 226(a) states in pertinent part the following:

> "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any

12

**CLASS ACTION COMPLAINT**

applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

53.     As set forth above, during the Class Period, Defendants issued and continues to issue wage statements to its employees including Plaintiffs and members of the Wage Statement Class which are inadequate under Labor Code § 226(a). Here, by failing to pay Plaintiffs and the Wage Statement Class for all hours worked, including all minimum wages, and failing to timely pay wages owed during employment, Defendants failed to include the required information on Plaintiff and the Wage Statement Class's wage statements, including, but not limited to, the gross wages earned and the net wages earned in violation of Labor Code § 226(a.) In addition, the wage statements provided by Defendants independently fail to include the rate of pay all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code §226(a)(9)

54.     Defendants' failure to comply with Labor Code § 226(a) was knowing and intentional.

55.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiffs and members of the Wage Statement Class in violation of Labor Code § 226(a), Plaintiffs and members of the Wage Statement Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiffs and per every member of the Wage Statement Class from Defendants pursuant to Labor Code § 226(e), costs and reasonable attorneys' fees.

/ / /

/ / /

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

56.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

57.     The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the class is certified.

58.     Sections 201 and 202 of the Labor Code require Defendants to pay all compensation due and owing to Plaintiffs and the Waiting Time Penalty Class during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

59.     Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

60.     Defendants willfully failed to pay Plaintiffs and the Waiting Time Penalty Class for all hours worked, including minimum wages, and all other wages owed prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

61.     As a result, Defendants are liable to Plaintiffs and the Waiting Time Penalty Class for waiting time penalties amounting to thirty (30) days wages for Plaintiffs and the Waiting Time Penalty Class pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (AGAINST ALL DEFENDANTS)

62.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

63.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay for all hours worked, including minimum wages, by failing to timely pay wages during employment, by failing to reimburse for all necessary business expenditures, by failing to provide

14

**CLASS ACTION COMPLAINT**

1  accurate itemized wage statements, and by failing to pay Plaintiffs and members of the Waiting Time

2  Penalty Class all earned wages at the time of their separation.

3      64.    Defendants' utilization of these unfair and/or unlawful business practices deprived

4  Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally

5  entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

6  Defendants' competitors who have been and/or are currently employing workers and attempting to

7  do so in honest compliance with applicable California wage and hour laws.

8      65.    Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged

9  herein, Plaintiffs themselves himself and on behalf of the members of the Classes, seeks full

10  restitution of monies, as necessary and according to proof, to restore any and all monies withheld,

11  acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and

12  17208.

13      66.    The acts complained of herein occurred within the last four years immediately

14  preceding the filing of the Complaint in this action.

15      67.    Plaintiffs were compelled to retain the services of counsel to file this court action to

16  protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

17  Defendants' current hourly non-exempt truck drivers, and to enforce important rights affecting the

18  public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs,

19  which he is entitled to recover under Code of Civil Procedure § 1021.5.

20                              **PRAYER FOR RELIEF**

21      **WHEREFORE**, Plaintiffs pray for judgment for themselves and for all others on whose

22  behalf this suit is brought against Defendants, as follows:

23      1.    For an order certifying the proposed Classes;

24      2.    For an order-appointing Plaintiffs as representatives of the Classes;

25      3.    For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

26      4.    Upon the First Cause of Action, for payment of minimum wages, liquidated damages,

27  and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

28      5.    Upon the Second Cause of Action, for the failure to pay wages timely during

1  employment, the unpaid balance of the compensation owed to Plaintiff and the other Class Members

2  and any applicable penalties owed to them pursuant to Labor Code section 210;

3          6.      Upon the Third Cause of Action, all unreimbursed expenses recoverable under Labor

4  Code § 2802, along with interest from the date the expense was incurred, and reasonable costs

5  attorneys' fees;

6          7.      Upon the Fourth Cause of Action, penalties pursuant to Labor Code § 226(a), and

7  reasonable costs and attorneys' fees.

8          8.      Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor

9  Code §§ 201-203.

10         9.      Upon the Sixth Cause of Action, for restitution to Plaintiff and members of the Classes

11  of all money and/or property unlawfully acquired by Defendants by means of any acts or practices

12  declared by this Court to be in violation of Business and Professions Code § 17200 et seq.;

13         10.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code

14  § 218.6 and Civil Code §§ 3287 and 3289;

15         11.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

16  218.5, 226, and Code of Civil Procedure § 1021.5; and

17         12.     For such other and further relief, the Court may deem just and proper.

18

19  Dated: October 14, 2022                 **FALAKSSA LAW, P.C.**
                                            **BOKHOUR LAW GROUP, P.C.**
20

21

22  By:  _____
         Joshua S. Falakassa, Esq.
23       Mehrdad Bokhour, Esq.
         Attorneys for Plaintiffs and the Putative Classes
24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour, Esq. (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 975-1493    FAX NO.: (310) 675-0861<br>ATTORNEY FOR *(Name):* Plaintiff, Jose Johnson and Ignacio Parks | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>10/17/2022 at 10:08:37 AM<br>By: Angela Linhares,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: **1225 Fallon Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Oakland, California 94612**
BRANCH NAME: **Oakland - Rene C. Davidson Courthouse**

CASE NAME:
**Jose Johnson, et al. v. Ryder Transportation Solutions, LLC.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **22CV019819** |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | **Unlawful Detainer** | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>✓ Other employment (15) | | |

2. This case ✓ is ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ✓ Large number of separately represented parties    d. ✓ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary    b. ✓ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ✓ is ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: **October 17, 2022**
**Mehrdad Bokhour, Esq.**
_____(TYPE OR PRINT NAME)_____    ▶    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**Page 40**

# EXHIBIT 3

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/22/2022 at 10:27:56 AM
By: Suzanne Pesko,
Deputy Clerk

Mara D. Curtis (SBN 268869)
Rafael N. Tumanyan (SBN 295402)
Brittany M. Hernandez (SBN 299044)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email:   mcurtis@reedsmith.com
           rtumanyan@reedsmith.com
           bmhernandez@reedsmith.com

Attorneys for Defendant
RYDER TRANSPORTATION
SOLUTIONS, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and all others similarly situated, | Case No. 22CV019819 |
| Plaintiffs, | [Assigned for all purposes to the Honorable Brad Seligman, Department 23] |
| vs. | **DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS-ACTION COMPLAINT** |
| RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware Corporation; and DOES 1-50, inclusive. | |
| Defendants. | Complaint Filed:    October 17, 2022<br>Trial Date:           None |

- 1 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendant RYDER TRANSPORTATION SOLUTIONS, LLC ("Defendant") hereby Answers Plaintiffs Jose Johnson's and Ignacio Parks's (collectively, "Plaintiffs") unverified Complaint ("Complaint") as follows:

1.     Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiffs' unverified Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further denies, generally and specifically, that Plaintiffs and/or any putative class member has been, is or will be injured or damaged in any amount, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.

2.     Without waiving or excusing any of the burdens of proof and production of evidence of Plaintiffs and/or the putative class members, and without admitting that Defendant has any burden of proof, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Defendant alleges, based on information and belief, that the complaint, or portions thereof, are barred by the applicable statute of limitation, including, but not limited to, those set forth in California Labor Code Section 203, California Code of Civil Procedure Section 337, 338, 340 and 343, California Business and Professions Code Section 17208, and all other applicable limitations, statutes and requirements.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRD AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

3.    Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiffs', and/or the putative class' own acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

4.    Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class members have failed to mitigate, minimize, or avoid their purported damages.  Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**FIFTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

5.    Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class members are barred, in whole or part, by the avoidable consequences doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

(No Standing)

6.    Defendant alleges, based on information and belief, that Plaintiffs lack standing to sue Defendant on behalf of themselves and/or the putative class members, with respect to Plaintiffs' Complaint or portions thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

7.    Defendant alleges, based on information and belief, that at all times relevant to Plaintiffs' Complaint, Defendant has good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiffs and/or the putative class members based on the allegations in the Complaint.

DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS'
UNVERIFIED CLASS-ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

8.      Although Defendant denies that it owes any amounts to Plaintiffs, or to any other employees, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiffs and/or the putative class members.

**NINTH AFFIRMATIVE DEFENSE**

(Unconstitutional)

9.      Defendant alleges, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and, thus, or otherwise violate Defendant's rights under the United States and California Constitutions as to, among other things, due process of law.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Injury or Harm)

10.      Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiffs and/or the putative class members did not suffer any actual injury or harm as a result of a knowing and intentional violation or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

11.      Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class members are barred to the extent that any award in this action is speculative and uncertain or would constitute unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

(Multiple Recovery)

12.      Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class members are barred in whole or in part to the extent that Plaintiffs seek multiple recovery for the same alleged wrong or wrongs.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Release)

13.     Defendant alleges, based on information and belief, that the Complaint, or portions thereof, is barred because Plaintiffs and/or the putative class members have released some or all such claims alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*)

14.     Defendant alleges, based on information and belief, that the purported claims of Plaintiffs and/or the putative class members are barred, in whole or in part, by the doctrines of *res judicata* and *retraxit*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

15.     Plaintiffs' claims are barred in whole or in part because of Defendants' compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code Section 17200, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Practice Not Unfair)

16.     Plaintiffs' claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code Section 17200.  The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiffs and/or the putative class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Clerical Error or Inadvertent Mistake)

17.     Although Defendant denies that it was violated, or caused to be violated, the California Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be determined that a violation occurred, then Defendant alleges, upon information and belief, that the violation was due to clerical error or inadvertent mistake.

- 5 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

18.     Plaintiffs' claims for damages are barred because they are speculative and uncertain.

## NINETEENTH AFFIRMATIVE DEFENSE

(*De Minimis* Time)

19.     Defendant alleges, based on information and belief, that to the extent Plaintiffs and/or the putative class members were not paid for all hours worked for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

## TWENTIETH AFFIRMATIVE DEFENSE

(Offset)

20.     Defendant alleges, based on information and belief, that certain amounts sought to be recovered in this action are subject to an offset and, therefore, are barred in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(FAAAA Preemption)

21.     Defendant alleges, based on information and belief, that the Complaint is barred and preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501, *et seq.*

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Conflict of Laws)

22.     Defendant alleges, based on information and belief, that the Complaint is barred and/or preempted, in whole or in part to the extent that Plaintiffs' claims are predicated under any law or regulation which conflicts with federal regulation of hours or service, transportation, or transportation safety including but not limited to the federal Motor Carrier Act and federal Department of Transportation regulations.

DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS'
UNVERIFIED CLASS-ACTION COMPLAINT

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(FMCSA Preemption)

23. Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the regulations and decisions promulgated by the Federal Motor Carrier Safety Administration.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Federal Preemption)

24. Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the Commerce Clause and/or the Supremacy Clause of the United States Constitution and/or the regulations promulgated by the Federal Motor Carrier Safety Administration.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Exclusive Concurrent Jurisdiction/Abatement)

25. Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class are barred, in whole or in part, because there is another action pending between Plaintiffs and/or the putative class members, or certain of them, and Defendant thereby barring this action, in whole or in part, under Code of Civil Procedure Section 430.10(c), the common law doctrine of exclusive concurrent jurisdiction, and/or the inherent discretion of this Court to manage its own docket.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Improper Venue)

26. Defendant alleges, based on information and belief, that venue is not proper in the County of Alameda and this case should be transferred for the convenience of the witnesses.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Remedies Under the CBA)

27. Defendant alleges, based on information and belief, that the purported causes of action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because Plaintiffs and/or the putative class members have failed to timely exhaust the administrative remedies available

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and procedures set forth in the collective bargaining agreement that existed at certain times relevant hereto between Defendant and the unions.

<strong><u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u></strong>

(Preemption)

28.     Defendant alleges, based on information and belief, that the purported causes of action of the Complaint are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at certain times relevant hereto between Defendant and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law.  29 U.S.C. §§ 185(a) and 158(a).

<strong><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></strong>

(Arbitration Under The Collective Bargaining Agreement)

29.      Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class members' claims, or portions thereof, `are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Defendant and the unions.

<strong><u>THIRTIETH AFFIRMATIVE DEFENSE</u></strong>

(Accord and Satisfaction)

30.     Defendant alleges, based on information and belief, that the purported causes of action of Plaintiffs and/or the putative class members are barred, in whole or in part, based on one or more accords and satisfactions between them and Defendant and/or releases given by Plaintiffs and/or the putative class members.

<strong><u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u></strong>

(Unjust Penalties)

31.     Defendant alleges, based on information and belief, that any award of penalties would be improper as unjust, arbitrary, oppressive, or confiscatory.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

2

(Penalties Unconstitutional)

3          32.     Defendant alleges, based on information and belief, that Plaintiffs' claims for penalties

4    are unconstitutional under the United States and California Constitutional provisions of due process,

5    equal protection and/or the excessive fines clauses.

6

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

7

(Constitutionality)

8          33.     Defendant alleges, based on information and belief, that Plaintiffs' claim or portions

9    thereof are barred because the statutes upon which they are premised are unconstitutional in that they

10   violate clauses of the United States Constitution and/or the California Constitution.

11

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

12

(Reservation of Rights)

13         34.     The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant

14   reserves the right to amend or supplement its affirmative defenses asserted herein, and to present

15   evidence supportive of different or additional defenses, upon ascertaining the specific nature of the

16   violations alleged.

17

**ADDITIONAL DEFENSES**

18         Defendant currently has insufficient information upon which to form a belief as to whether it

19   may have additional, as yet unstated, defenses beyond those listed above.  Defendant therefore reserves

20   the right to assert additional defenses as appropriate.

21   / / /

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiffs as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That Plaintiffs take nothing by virtue of this action;

3.     That judgment be entered in favor of Defendant;

4.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem proper.

Dated:     November 22, 2022          REED SMITH LLP

By:     _____
         Mara D. Curtis
         Rafael N. Tumanyan
         Brittany M. Hernandez
         Attorneys for Defendant
         RYDER TRANSPORTATION SOLUTIONS, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS'
UNVERIFIED CLASS-ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

**CASE NAME:   JOSE JOHNSON, et al. v. RYDER TRANSPORTATION SOLUTIONS, LLC**

**CASE NO.:      22CV019819**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On **November 22, 2022**, I served the following document(s) **DEFENDANT RYDER TRANSPORTATION SOLUTIONS, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS-ACTION COMPLAINT** by the method indicated below:

☒   **VIA U.S. MAIL:**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

| | |
|---|---|
| Joshua S. Falakassa, Esq.<br>**FALAKASSA LAW, P.C.**<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>Email:  josh@falakassalaw.com<br>Phone: (818) 456-6168<br>Fax:   (888) 508-0868 | Mehrdad Bokhour, Esq.<br>**BOKHOUR LAW GROUP, P.C.**<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>EMAIL: MEHRDAD@BOKHOURLAW.COM<br>PHONE (310) 975-1493<br>FAX:   (310) 675-0861 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR PLAINTIFFS |

☒   **STATE:**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 22, 2022**, at Los Angeles, California.

_Elizabeth Zapata_
Elizabeth Zapata

# EXHIBIT 4

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>**10/18/2022**<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____A. Linhares_____ Deputy |
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF(S):<br><br>Jose Johnson  et al | |
| DEFENDANT(S):<br><br>Ryder Transportation Solutions, LLC. | |
| **NOTICE OF HEARING** | CASE NUMBER:<br><br>22CV019819 |

TO ALL PARTIES:

Notice is hereby given that the above-entitled action has been set for a/an
Complex Determination Hearing _____ on _12/16/2022_____ at
_9:30 AM___ in _Department 23_____ of the above named court located at
_Administration Building, 1221 Oak Street, Oakland, CA 94612_____.

Chad Finke, Executive Officer / Clerk of the Court

A. Linhares, Deputy Clerk.

Dated:  10/18/2022                    By: _____
                                                Deputy Clerk

**NOTICE OF HEARING**

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/17/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>Jose Johnson  et al | |
| DEFENDANT:<br>Ryder Transportation Solutions, LLC. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV019819 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 02/14/2023     Time: 8:30 AM     Dept.: 23
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/17/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jose Johnson  et al | |
| DEFENDANT/RESPONDENT:<br>Ryder Transportation Solutions, LLC. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV019819 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Joshua S. Falakassa
Falakassa Law, P.C.
1901 AVENUE OF THE STARS, SUITE 450 450
LOS ANGELES, CA 90067

Mehrdad Bokhour
Bokhour Law Group, P.C.
1901 AVENUE OF THE STARS, SUITE
450 450
LOS ANGELES, CA 90067

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/18/2022                    By:

A. Linhares, Deputy Clerk