**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, Esq. (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiffs and the Putative Classes

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware Corporation; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.:22-cv-07456-JST<br><br>*Assigned to the Hon. John S. Tigar*<br><br>**JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs Jose Johnson and Ignacio Parks (collectively, "Plaintiffs") and Defendant Ryder Transportation, LLC ("Defendant") (collectively with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby enter into the stipulation below with reference to the following facts:

WHEREAS, on October 17, 2022, Plaintiffs filed a class action complaint in this action in the County of Alameda against Defendant alleging violations of California law for: (1) Minimum Wage Violations; (2) Failure to Pay Wages Timely During Employment; (3) Failure to Reimburse Necessary Business Expenses, (4) Wage Statement Violations, (5) Waiting Time Penalties, and (6) Unfair Competition.

WHEREAS, on November 23, 2022, Defendant removed this case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2);

WHEREAS, Plaintiffs seek to file a First Amended Complaint to add a cause of action for PAGA penalties based on the underlying Labor Code violations (attached hereto as Exhibit A);

WHEREAS, the Parties have conferred, and agreed that, subject to Court approval, Plaintiffs may file the First Amended Complaint to add a cause of action under PAGA for civil penalties based on the same alleged Labor Code violations;

WHEREAS, by entering into this stipulation, Defendant does not waive any of its rights, challenges, or defenses, including any challenge to the claims in the First Amended Complaint;

WHEREAS, allowing Plaintiffs to file a First Amended Complaint will not prejudice any of the Parties, but will rather preserve resources; and

THEREFORE, Plaintiffs and Defendant, by and through their undersigned counsel of record, hereby stipulate and agree and respectfully request that the Court enter an order as follows:

1.     The First Amended Complaint attached hereto as **Exhibit A** shall be deemed to be filed as of the date the Court approves this stipulation.

2.    Defendant shall file a responsive pleading to the First Amended Complaint within 21 days of Defendant receiving notice of the filing of the First Amended Complaint.

Dated: March 22, 2023                    **BOKHOUR LAW GROUP, P.C.**

                                                        */s/ Mehrdad Bokhour*
                                         BY: _____
                                                        MEHRDAD BOKHOUR
                                         *Attorneys for* Plaintiff SOFIA RIOS and the Putative Class

Dated: March 22, 2023                    **REED SMITH LLP**

                                                        */s/ Rafael N. Tumanyan*
                                         BY: _____
                                                        MARA D. CURTIS
                                                        RAFAEL N. TUMANYAN
                                                        TANNER HENDERSHOT
                                         *Attorneys for* Defendant Ryder Transportation Solution, LLC

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Andrew Lichtenstein, counsel for Defendants, and that I have obtained Mr. Tumanyan's authorization to affix his electronic signature to this document.

By: _/s/ Mehrdad Bokhour_
Mehrdad Bokhour

JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# EXHIBIT "A"

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, Esq. (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiffs and the Putative Classes

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JOHNSON & IGNACIO PARKS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>    vs.<br><br>RYDER TRANSPORTATION SOLUTIONS, LLC., a Delaware Corporation; and DOES 1-50, inclusive.<br><br>        Defendants. | CASE NO.:22-cv-07456-JST<br><br>**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT:**<br><br>(1) MINIMUM WAGE VIOLATIONS;<br>(2) FAILURE TO PAY WAGES TIMELY DURING EMPLOYMENT;<br>(3) FAILURE TO INDEMNIFY ALL NECESSARY BUSINESS EXPENDITURES<br>(4) WAGE STATEMENT VIOLATIONS;<br>(5) WAITING TIME PENALTIES;<br>(6) UNFAIR COMPETITION ; and<br>(7) PAGA PENALTIES<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs Jose Johnson and Ignacio Parks ("Plaintiffs") on behalf of themselves, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Ryder Transportation Solutions, LLC. ("Defendant") a California corporation, and DOES 1-50 (collectively "Defendants"), are one of the largest logistics companies providing transportation solutions throughout the United States and within California.

2.     Plaintiffs, truck drivers, bring this class and PAGA action against Defendants for violations of the California Labor Code, Industrial Welfare Commission Wage Order No. 9, and Business and Professions Code § 17200 *et. seq.*

3.     As set forth below, Plaintiffs allege that Defendants' uniform pay policies and practices failed to pay all similarly situated truck drivers for all hours worked and for all hours to which they were under the control of Defendants. Plaintiffs further allege that Defendants failed to timely pay wages during employment, and that Defendants failed to reimburse for necessary business expenses incurred. As a result of the foregoing violations, Plaintiffs allege that Defendants failed to provide accurate written itemized wage statements and failed to timely pay all final wages following separation of employment. Based on these alleged violations, Plaintiffs now bring this class and PAGA representative action to recover unpaid wages, restitution, penalties, and other related relief on behalf of themselves and all other similarly situated non-exempt truck driver employees.

## JURISDICTION AND VENUE

4.     Plaintiffs, on behalf of themselves and all others similarly situated non-exempt truck-drivers hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-203, 204, 210, 226a, 510, 558, 1182.12, 1194, 1194.2, 1197, 2802, 2698 et *seq.*, and Wage Order No. 9, in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et. seq.*

5.     This class action is brought pursuant to California Code of Civil Procedure § 382.

6.     This Court has jurisdiction over Defendants' violations of the California Labor Code and Wage Order No. 9 because the amount in controversy exceeds this Court's jurisdictional minimum.

7.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as most of the acts and omissions complained of herein occurred in the County of Alameda. Defendants own, maintain offices, transact business, employ Plaintiff, and have an agent or agents within the County of Alameda, and/or otherwise are found within the County of Alameda. Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

8.     At all relevant times herein, Plaintiffs, who are over the age of 18, were and currently are California residents. Defendants employed Plaintiffs as a non-exempt employee truck drivers in the County of Alameda and other counties across California.

9.     Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by Labor Code §§ 201-203, 204, 210, 226(a), 510, 558, 1182.12, 1194, 1194.2, 1197, 2802, 2698 *et seq.*, and California Business and Professions Code § 17200 *et seq*. (Unfair Competition), and Wage Order No. 9, which sets employment standards for the workers in the transportation industry.

10.     Plaintiffs are informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Alameda.

11.     Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for

that reason, said Defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

12.    Plaintiffs are informed, and believes, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

13.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

14.     Plaintiffs worked for Defendants as non-exempt truck drivers.

15.    Plaintiff Jose Johnson started working for Defendants as a truck driver in July 2021, until his separation from employment on July 26, 2022.

16.    Plaintiff Ignacio Parks started working for Defendants as a truck driver in October 2021 until his separation from employment on August 5, 2022.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

17.     Plaintiffs and other non-exempt truck drivers were and are engaged in the hauling and delivery of freight across the State of California.

18.     First, at all relevant times, Plaintiffs and other similarly situated truck drivers were not paid for all time spent on pre and post shift work and required duties, including, but not limited to, inspections of trucks, preparation of trucks, cleaning of trucks, swapping/changing trucks, fueling, and completing paperwork. As a result of its uniform pay policies/practices, Defendants did not provide sufficient pay equal to at least minimum wage for all hours worked.

19.     At all relevant times, Defendants failed and continues to fail to pay Plaintiffs and other similarly situated truck drivers for time spent during mandatory layovers and associated waiting time. Indeed, when aggrieved employees are required to stop driving due to U.S. Department of Labor Regulations, Defendants requires Plaintiffs and other similarly situated truck drivers to stay within close of their trucks for up to 10 hours.

20.     Plaintiffs and other similarly situated truck drivers are also often required to wait idle for several hours until the start of their scheduled shifts as determined by Defendants. Defendants' uniform policies/practices prevented aggrieved employees from clocking in for this time. Instead, Defendants' uniform policy and practice required aggrieved employees to remain inside their trucks and/or be within close proximity to be able to see the trucks in plain sight during layovers. *See* M*orrillion v. Royal Packing Co*. (2000) 22 Cal.4th 575, 587 (where an employer required employees "to meet at designated places to take its buses to work" and "prohibit[ed] them from taking their own transportation," the employees were "subject to the control of an employer."). As a result, Plaintiffs and other similarly situated truck drivers were subjected to Defendants' control during these layover periods. Under California law, Plaintiffs and aggrieved employees must be paid for all of the time that they were subject to Defendants' control.

21.    Under California law, employers must pay employees at least the minimum wage per hour for all hours worked. See Cal. Code Regs., Tit. 8 § 11090. "Hours worked" is defined as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id*. In *Morrillion v. Royal Packing Co*. (2000) 22 Cal. 4th 575, the California Supreme Court explained that "an employee who is subject to an employer's control does not have to be working during that time to be compensated." The Court reasoned that when "an employer requires employees to meet at designated places to take its buses to work and prohibits them from taking their own transportation" the employees are "subject to the control of an employer" and the time spent traveling on the buses "is compensable as 'hours worked.'" *Id*. at 587

22.    Plaintiffs and other similarly situated truck drivers did not receive legal minimum wages for all work-related duties and tasks as described herein, including numerous hours during layover times. However, because Defendants can track the time worked by Plaintiffs and other similarly situated truck drivers to the minute, Defendants' pay practice itself exists not for the convenience or benefit of the employees, but to benefit Defendants by underpaying aggrieved employees for all work-related duties. As a result, Plaintiffs and other similarly situated truck drivers were not properly paid for all hours worked in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and Wage Order No. 9.

23.    Furthermore, from at least one year ago and continuing until the present, Defendants routinely denied and continues to deny Plaintiffs and other similarly situated truck drivers reimbursement for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including but not limited to, expenses associated with the usages of their personal cell phones with data plans, expenses associated with truck up-keep, including gasoline and other driving related business expenses. Despite requiring aggrieved employees to use their personal cell phones and to purchase essential driving expenses, Plaintiffs and other similarly

situated truck drivers were not adequately reimbursed. Consequently, since Defendants failed to comply with Labor Code § 2802 and Wage Order No. 9, Plaintiffs and other similarly situated truck drivers would be entitled to recover unreimbursed expenses and attorneys' fees and costs pursuant to Labor Code § 2802.

24.    As a result of Defendants' unlawful pay policies and practices that resulted in a failure to pay Plaintiffs and other truck drivers the minimum wage for all hours worked, Defendants also intentionally failed and continue to fail to furnish Plaintiffs and other similarly situated truck drivers with itemized wage statements that accurately reflect the correct amount of gross wages earned and net wages earned as required by Labor Code § 226(a). In addition, Defendants wage statements independently fail to conform with Labor Code § 226(a)(9). Consequently, since Defendants failed to comply with Labor Code § 226(a), Plaintiffs and other similarly situated truck drivers would be entitled to recover penalties under Labor Code § 226(e).

25.    As a further result of Defendants' failure to pay Plaintiffs and other similarly situated truck drivers for all hours worked, Defendants also failed to pay Plaintiffs and other similarly situated truck drivers all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Accordingly, Plaintiffs and other similarly situated truck drivers would be entitled to recover penalties under Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

26.    Class Definition: Plaintiffs bring this action on behalf of themselves and the following Classes pursuant to § 382 of the Code of Civil Procedure:

(1)    All non-exempt truck drivers who worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class"); and

(2)    All non-exempt truck drivers who worked for Defendants in California, during the one year

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Class"); and

(3) All non-exempt truck drivers who worked for Defendants in California, and who have left Defendants' employ during one year immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Class")

(Collectively "Classes").

27. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

28. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1. Whether Defendants' payment policies/practices resulted in a failure to pay members of the Class minimum wages for all hours worked;

2. Whether Defendants failed to timely pay all wages owed during employment to members of the Class;

3. Whether Defendants failed to reimburse members of the Class for all necessary business expenditures;

4. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226; and

5. Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Class at the time of separation from employment were

unlawful.

29.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform pay policies/practice, Defendants' failure to reimburse necessary business expenditures, and Defendants' resulting failure to provide accurate itemized wage statements and to pay for all wages due upon termination. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

30.    **Typicality**: The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt truck drivers in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiffs, like the members of the Classes were deprived of minimum wages as a result of Defendants' unlawful pay policy/practices, were not paid timely all wages owed during employment, were subject to Defendants' uniform pay practices, were not reimbursed for necessary business expenditures, were not provided accurate itemized wage statements, and were not paid all wages owed at the time of separation of employment.

31.    **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiffs' attorneys have prosecuted many wage-and-hour class actions in state and federal court in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

32.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 24 are maintainable as Classes under § 382 of the Code of Civil Procedure.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

33.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

34.     Wage Order No. 9, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

35.     At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay plan, policies, practices, which resulted in these individuals not being paid for all hours they were actually suffered or permitted worked. Accordingly, Plaintiffs and members of the Classes were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and Wage Order No. 9.

36.     Labor Code § 1198 makes unlawful the employment of an employee under conditions that the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

37.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the Classes have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and

other appropriate relief as a result of Defendants' violations of the Labor Code and Wage Order No. 9.

38.    Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY DURING EMPLOYMENT
### (AGAINST ALL DEFENDANTS)

39.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

40.    Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation.  Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.

41.    Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.

42.    Defendants as a matter of established practice/policy in the State of California failed to fully pay Plaintiffs and the other members of the Class within seven days of the close of bi-weekly or weekly payroll, as required by law.

43.    Defendants' pattern, practice, and uniform administration of its corporate policy of illegally delaying employees' compensation, as described herein, is unlawful and entitles Plaintiffs and the other members of the Class to recover, pursuant to Labor

Code section 218, the unpaid balance of the compensation owed to them in a civil action and any applicable penalties, attorney fees, and interest owed to them pursuant to Labor Code sections 210 and 218.5.

## THIRD CAUSE OF ACTION

### FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES
### (AGAINST ALL DEFENDANTS)

44.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

45.     It was necessary for Plaintiffs and members of the Class to incur various expenses as outlined herein above in the discharge of their job duties. These expenses include but are not limited to expenses associated with the use of a personal cell phone with a data plan, and expenses related to the performance of their job duties. Although Plaintiffs and members of the Class incurred these expenses at the direction of Defendants and/or in the direct discharge of their job duties, Defendants did not adequately reimburse these employees for such necessary work expenditures during the four years preceding the filing of the Complaint.

46.     At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

47.     At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

48.     As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802, Plaintiffs and members of the Classes were damaged in sums, which will be shown according to proof at trial.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

49.     Plaintiffs and members of the Classes are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

50.     Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiffs and members of the Class are entitled to interest, which shall accrue from the date on which they incurred the initial necessary expenditure.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS)**

51.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

52.     Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

53.    As set forth above, during the Class Period, Defendants issued and continues to issue wage statements to its employees including Plaintiffs and members of the Wage Statement Class which are inadequate under Labor Code § 226(a). Here, by failing to pay Plaintiffs and the Wage Statement Class for all hours worked, including all minimum wages, and failing to timely pay wages owed during employment, Defendants failed to include the required information on Plaintiffs and the Wage Statement Class's wage statements, including, but not limited to, the gross wages earned and the net wages earned in violation of Labor Code § 226(a.) In addition, the wage statements provided by Defendants independently fail to include the rate of pay all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code §226(a)(9)

54.    Defendants' failure to comply with Labor Code § 226(a) was knowing and intentional.

55.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiffs and members of the Wage Statement Class in violation of Labor Code § 226(a), Plaintiffs and members of the Wage Statement Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiffs and per every member of the Wage Statement Class from Defendants pursuant to Labor Code § 226(e), costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

56.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

57.    The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the class is certified.

58.    Sections 201 and 202 of the Labor Code require Defendants to pay all compensation due and owing to Plaintiffs and the Waiting Time Penalty Class during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

59.    Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

60.    Defendants willfully failed to pay Plaintiffs and the Waiting Time Penalty Class for all hours worked, including minimum wages, and all other wages owed prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

61.    As a result, Defendants are liable to Plaintiffs and the Waiting Time Penalty Class for waiting time penalties amounting to thirty (30) days wages for Plaintiffs and the Waiting Time Penalty Class pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE § 17200 *et seq*.
### (AGAINST ALL DEFENDANTS)

62.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

63.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to pay for all hours worked, including minimum wages, by failing to timely pay wages during employment, by failing to reimburse for all necessary business expenditures, by failing to provide accurate itemized wage statements, and by failing to pay Plaintiffs and members of the Waiting Time Penalty Class all earned wages at the time of their separation.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

64.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable California wage and hour laws.

65.    Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs themselves himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

66.    The acts complained of herein occurred within the last four years immediately

preceding the filing of the Complaint in this action.

67.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt truck drivers, and to enforce important rights affecting the public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## SEVENTH CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT PENALTIES
## (AGAINST ALL DEFENDANTS)

68.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

69.    Defendants have committed several Labor Code violations against Plaintiffs and other non-exempt employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq*., acting on behalf of herself and other non-exempt employees, bring this representative action against Defendants to recover the

civil penalties due to Plaintiff, other similarly non-exempt employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to (1) $100 for each initial violation and (2) $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided based on the following Labor Code violations:

a.      Failing to provide Plaintiffs and other non-exempt employees all minimum wage compensation violation of Labor Code § 204, 210, 510, 1194 and 1198;

b.      Failing to reimburse Plaintiffs and other non-exempt employees for all necessary business expenditures in violation of Labor Code § 2802

c.      Failing to timely compensate Plaintiffs and other non-exempt employees with all earnings at their separation of employment in violation of Labor Code §§ 201-203; and

d.      Failing to furnish Plaintiffs and other non-exempt employees with complete, accurate, itemized wage statements in violations of Labor Code § 226(a).

70.      On or about October 14, 2022, Plaintiffs notified Defendant Ryder Transportation Solution, LLC, via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website of Defendant's violations of the California Labor Code § 2698 *et seq*., with respect to violations of the California Labor Code identified in Paragraph 80(a)-(e). Now that sixty-five days have passed from Plaintiffs notifying Defendant and the LWDA of these violations, Plaintiffs will have exhausted their administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

71.      Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and the interests of other non-exempt employees, and to assess and collect the civil penalties owed by Defendants. Plaintiffs have hereby incurred attorneys' fees and costs, which they are entitled to receive under California Labor Code § 2698 *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, as follows:

1.     For an order certifying the proposed Classes;

2.     For an order-appointing Plaintiffs as representatives of the Classes;

3.     For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4.     Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

5.     Upon the Second Cause of Action, for the failure to pay wages timely during employment, the unpaid balance of the compensation owed to Plaintiffs and the other Class Members and any applicable penalties owed to them pursuant to Labor Code section 210;

6.     Upon the Third Cause of Action, all unreimbursed expenses recoverable under Labor Code § 2802, along with interest from the date the expense was incurred, and reasonable costs attorneys' fees;

7.     Upon the Fourth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees.

8.     Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203.

9.     Upon the Sixth Cause of Action, for restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

10.     Upon the Seventh Cause of Action, for civil penalties due to Plaintiffs, other non-exempt aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to: (1) $100 for each initial violation and $200 for each subsequent violation per employee per pay

1  period for those violations of the Labor Code for which no civil penalty is specifically

2  provided under the Labor Code

3      11.    Prejudgment interest on all due and unpaid wages pursuant to California

4  Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

5      12.    On all causes of action, for attorneys' fees and costs as provided by Labor

6  Code §§ 218.5, 226, and Code of Civil Procedure § 1021.5; and

7      13.    For such other and further relief, the Court may deem just and proper.

8

9  Dated:  March 22, 2023            **FALAKSSA LAW, P.C.**

10                                  **BOKHOUR LAW GROUP, P.C.**

11

12                                  By:_____

13                                      Joshua S. Falakassa, Esq.
                                        Mehrdad Bokhour, Esq.

14                                      Attorneys for Plaintiffs and the Putative

15                                       Classes

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**